# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AJ DEBELLIS AND VICTORIA COLLETTE DEBELLIS,<br><br>　　　　　Debtors,<br>_____<br><br>UNITED STATES OF AMERICA,<br>　　　　　Appellant,<br>　　v.<br>AJ DEBELLIS AND VICTORIA COLLETTE DEBELLIS,<br>　　　　　Appellees.<br>_____ | Case No. CV 19-2849 FMO<br><br>BK Case No. 14-13200 BB<br><br>AP Case No. 17-01375 BB<br><br><br>**ORDER RE: BANKRUPTCY APPEAL** |

Having reviewed and considered all the briefing and exhibits filed with respect to the appeal of the bankruptcy court's judgment entered in the adversary proceeding, AJ DeBellis and Victoria DeBellis v. United States, No. AP 17-1375-BB, (Adversary Proceeding Dkt. 74; Dkt. 1, Notice of Appeal), filed by appellant United States of America ("appellant" or "government"), the court concludes that oral argument is not necessary to resolve the appeal. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

The government filed its opening brief, arguing that the bankruptcy court did not have jurisdiction to decide the matter and that Victoria DeBellis and AJ DeBellis, (collectively, "appellees"), lacked standing to pursue the adversary proceeding. (See, Dkt. 14, Appellant's

Opening Brief ("Br.") at 6). Neither appellee filed a response brief.[1] (See, generally, Dkt.).

When reviewing a bankruptcy court's decision, a "district court functions as an appellate court . . . and applies the same standards of review as a federal court of appeals[.]" In re Crystal Props., Ltd., L.P., 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks omitted). "A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code de novo." In re Orange Cty. Nursery, Inc., 439 B.R. 144, 148 (C.D. Cal. 2010). Decisions concerning subject matter jurisdiction and standing are reviewed de novo. See State of Alaska v. Babbitt, 38 F.3d 1068, 1072 (9th Cir. 1994) (subject matter jurisdiction); Bernhardt v. Cty. of L.A., 279 F.3d 862, 867 (9th Cir. 2002) (standing).

Although 11 U.S.C. § 505 confers broad authority on bankruptcy courts to determine tax liability, see In re Constable Terminal Corp., 222 B.R. 734, 736 (Bankr. D.N.J. 1998) ("Bankruptcy Code § 505(a)(1) provides bankruptcy courts with broad authority to determine the amount and validity of any tax."), bankruptcy courts have no authority to determine "any right of the estate to a tax refund, before the earlier of (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or (ii) a determination by such governmental unit of such request[.]" 11 U.S.C. § 505(a)(2)(B). The court agrees with the government that "under section 505(a)(2)(B) the bankruptcy court may not determine the right to a tax refund until after a refund claim has been filed and 120 days thereafter has expired." (Dkt. 14, Br. at 18). Here, even assuming the debtors/appellees have standing to pursue the tax refund, the court is persuaded that the bankruptcy court did not have jurisdiction because the debtors/appellees never filed an administrative claim for a refund as required by § 505(a)(2)(B). See In re Graham, 981 F.2d 1135, 1138 (10th Cir. 1992) ("Thus, the government does not waive sovereign immunity in a suit for a tax refund until presented with an administrative claim which it has either denied or ignored. . . . These rules are nonwaivable jurisdictional requirements."); Collier on Bankruptcy, ¶ TX5.04[3][a]-[b] (16th ed.) (describing the administrative remedies

---

[1] The court issued an order advising appellees that "failure to file their respective responses by the deadline set forth above shall be deemed a concession to the arguments raised in appellant's opening brief." (Dkt. 24, Court's Order of November 19, 2019).

requirements and noting "that section 505(b) does not provide jurisdiction for a bankruptcy court to determine a postconfirmation tax liability"); see also Cent. Valley AG Enters. v. United States, 531 F.3d 750, 766 (9th Cir. 2008) ("Section 505 does include a provision that implicitly respects the limitations period of the applicable state or federal tax laws by precluding the exercise of bankruptcy jurisdiction if the debtor has failed to pursue its administrative remedies.").

Based on the foregoing, IT IS ORDERED THAT:

1. The Bankruptcy Court's Judgment of March 29, 2019, Bankruptcy Adversary Proceeding Document No. 74, is **reversed**. The Adversary Proceeding, AJ DeBellis and Victoria DeBellis v. United States, No. AP 17-1375-BB (Bankr. C.D. Cal.), is hereby **dismissed without prejudice**.

2. Judgment shall be entered accordingly.

Dated this 20th day of March, 2020.

>                                /s/
>                         Fernando M. Olguin
>                       United States District Judge